UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA MARIE MITFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-05360-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 35 |

## I.   INTRODUCTION

Having successfully appealed the government's denial of Social Security disability benefits, Plaintiff Theresa Mitford now moves for attorney's fees and costs for her counsel, Robert C. Weems, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 35. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, filed an opposition (ECF. No. 38) and Plaintiff filed a reply (ECF No. 39). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiff's motion for the reasons set forth below.

## II.   BACKGROUND

On August 4, 2020, Plaintiff filed this Social Security appeal after the Commissioner's denial of disability benefits. On June 9, 2021, the Court granted the parties' stipulation to remand for further proceedings pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four. ECF No. 33. Plaintiff now moves for attorney's fees totaling $16,407.58. She seeks an additional $1,709.92 for time spent reviewing and replying to Defendant's opposition.

### III. DISCUSSION

The EAJA mandates an award of attorney's fees and expenses if (1) a party prevails in a civil action and (2) the government's position in the action, including in the underlying administrative proceedings, is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

#### A. Prevailing Party

Under the EAJA, a party that obtains a reversal and remand in a social security benefits case is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). As the parties stipulated to remand this matter, there is no dispute that Plaintiff is a prevailing party under the EAJA.

#### B. Substantial Justification

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified to avoid an award of fees. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted); *Jaureque v. Colvin*, 2013 WL 5645310, at *1 (N.D. Cal. Oct. 16, 2013) ("The court must examine whether the government was substantially justified in its original act and its decision to defend it in court.") (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified.'" *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

1  Here, the June 9, 2021 stipulation and order reflect potential error, providing: "On remand,
2  the Appeals Council will remand the case to an administrative law judge (ALJ) and instruct the
3  ALJ to reevaluate the medical evidence and Plaintiff's subjective symptom testimony, offer
4  Plaintiff the opportunity to submit additional evidence, and take any further action needed to
5  complete the administrative record and issue a new decision." ECF No. 33. Further, Defendant
6  makes no argument in her opposition that the government's position was justified. Under these
7  circumstances, the Court finds that the position of the government was not substantially justified,
8  and fees under the EAJA will therefore be awarded. *See Reece v. Saul*, 2021 WL 2417423, at *1
9  (E.D. Cal. June 14, 2021) (finding government's position was not substantially justified and
10 awarding fees under the EAJA where parties stipulated to remand for ALJ to reevaluate medical
11 evidence and take additional evidence, among other reasons).

**C.  Reasonable Attorney's Fees**

Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining whether the expenditure of time litigating a Social Security case was reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"; courts cannot apply de facto caps limiting the hours attorneys can reasonably expend. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012). The fee applicant bears the burden of proving they are reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S.424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.*; *see also Costa*, 690 F.3d at 1136 (citing *Moreno* and noting that a district court can impose a reduction of up to 10 percent based purely on the exercise of its discretion and without more specific explanation, but where the number of hours is reduced

3

1    by 20 to 25 percent, a court is required to provide more specific explanation).

2      **1.  Reasonable Fee**

3      Plaintiff seeks an hourly rate of $213.74 for Mr. Weems and $130 for paralegal work. Under the EAJA, attorney's fees are set at a market rate capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). However, a higher fee may be awarded if "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Thangaraja*, 428 F.3d at 876 (awarding higher fee based on cost of living). The EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $207.78 for 2020 and $213.74 for 2021. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (Ninth Circuit Statutory Maximum Rates under the EAJA) (citing 28 U.S.C. § 2412(d)(2)(A)).

  In support of her motion, Plaintiff provided a declaration from Mr. Weems, which includes an invoice of his firm's time and expenses in this case. ECF No. 35-1, Ex. 1. The invoice reflects work performed between April 2, 2020 and August 12, 2021. However, Plaintiff seeks a rate of $213.74 for Mr. Weems for all work performed, regardless of the year. The Court also notes Mr. Weems's invoice reflects varying hourly rates for both years, billing at $207.77, $207.78, $207.80, $213.70, and $213.73 in 2020 and $207.78, $213.70, $213.73, $213.74, and $213.75 in 2021. Plaintiff does not explain these discrepancies. However, based on the Ninth Circuit's rates as adjusted for cost of living, hourly rates of $207.78 for work in 2020 and $213.74 for work in 2021 are reasonable. Further, Defendant does not dispute the requested rate. Accordingly, the Court finds hourly rates of $207.78 for work in 2020 and $213.74 for work in 2021 are reasonable.

  Paralegal services are also compensable under the EAJA. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 576 (2008) ("[W]e think EAJA . . . must be interpreted as using the term 'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor."); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees). Defendant does not dispute the $130 rate that Mr. Weems requests for paralegal work, and the Court finds it is reasonable. *See McDade v. Saul*, 2019 WL 6251229, at *7 (N.D. Cal. Nov. 22, 2019) (finding $130 per hour for paralegal work reasonable under the EAJA); *Kee v. Berryhill*, 2018 WL 4566906, at *1 (N.D. Cal. Sept. 21, 2018) (same).

As such, the Court finds this rate reasonable.

### 2. Reasonable Hours

Plaintiff seeks compensation for 59.2 hours of attorney time and 30.7 hours of paralegal time. She notes that Mr. Weems's invoice reflects a total of 94.7 attorney hours and 55.3 paralegal hours, but counsel exercised professional billing judgment to address "unnecessary duplication of effort and inefficiency." *Id.* at 10.

Defendant raises several arguments in opposition to the requested fees. First, she notes that, although Plaintiff's counsel states that he reduced about 37% of his own time and 44% of his paralegal's time, the requested fees are still excessive "for a routine social security case, where Plaintiff's counsel has been practicing law in California since 1990, and where the parties filed a stipulation to remand thus requiring no reply brief." Opp'n at 3-4. However, the Court notes that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [ ] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno*, 534 F.3d at 1112-13). Further, the fact that counsel has already deducted 37% of his own time and 44% of his paralegal's time from the request, including time spent on clerical matters that are not recoverable – such as filing, document organization, and receipt and review of court orders – shows that counsel exercised billing judgment. *See Nadarajah*, 569 F.3d at 921 (tasks such as filing and document organization time are clerical in nature, and therefore are not recoverable); *McDade*, 2019 WL 6251229, at *6 (excluding 1.67 hours of paralegal time billed for receipt of documents, status reports to the client, and similar tasks, and also excluding 0.2 hours of attorney time for "receipt" of a motion and an email); *Garcia v. Colvin*, 2013 WL 5347494, at **7-8 (E.D. Cal. Sept. 23, 2013) (deducting entirety of 3.9 hours of paralegal time including for entries such as receipt and review of court orders and downloading opposition papers); *Santos v. Astrue*, 2008 WL 2571855, at *3 (C.D. Cal. June 26, 2008) (reducing 0.5 hours of paralegal time for entries such as receipt of review of the scheduling order).

Next, Defendant argues that "[r]outine Social Security cases are typically and reasonably

5

1  litigated in 15 to 30 hours, not 93.5 hours." Opp'n at 4.  However, "[d]istrict courts may not apply
2  de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social
3  security cases." *Costa*, 690 F.3d at 1137.  This argument alone is not enough reason to lower the
4  requested fees. *See id.* at 1136 ("We conclude that it is also an abuse of discretion to apply a de
5  facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine'
6  cases.  Indeed, we question the usefulness of reviewing the amount of time spent in other cases to
7  decide how much time an attorney could reasonably spend on the particular case before the
8  court."). As other courts have found, Social Security cases are not "routine"; rather, they "are
9  often highly fact-intensive and require careful review of the administrative record, including
10 complex medical evidence." *Id.* at 1134 n.1; *Kee*, 2018 WL 4566906, at *2 (where defendant
11 argued 87.4 hours claimed were "beyond [the] hours normally expended by attorneys in similar
12 disability cases," and cited several cases in which district courts have based fee awards on a lower
13 number of hours, court held amount of time expended was reasonable and that surveying other
14 cases "is 'far less useful for assessing how much time an attorney can reasonably spend on a
15 specific case because that determination will always depend on case-specific factors.'") (quoting
16 *Costa*, 690 F.3d at 1136).

17 Defendant also argues the number of hours claimed are duplicative because counsel and
18 his paralegal performed the same tasks.  Opp'n at 4.  She notes that counsel billed approximately
19 38 paralegal hours to review the administrative record and to draft the statement of facts and
20 motion for summary judgment, but then billed another approximately 55.5 attorney hours for the
21 same set of tasks performed by counsel.  Weems Decl., Ex. 1 at 3-6, ECF No. 35-2.  She argues
22 that counsel's decision to utilize his paralegal to review the administrative record and to draft
23 statement of facts and motion for summary judgment resulted in wholly redundant and duplicative
24 billing.  The Court may reduce a fee award "if the case was overstaffed and hours are duplicated."
25 *Hensley*, 461 U.S. at 433–34.  However, a review of the record shows that, contrary to the
26 government's position, all paralegal time spent working on a draft of a summary judgment motion
27 was written off, around a third of the paralegal time spent on drafting the statement of the
28 administrative record was written off, and that most of counsel's time reviewing the record and

6

1   drafting the separate statement of the administrative record was discounted. Weems Decl., Ex. 1
2   at 3-6. No further reduction is warranted.
3       Next, Defendant argues a reduction of three paralegal hours is reasonable because counsel
4   expended 7.2 hours prior to the filing of the complaint, which is excessive. Opp'n at 6. She notes
5   that courts limit EAJA fees for pre-complaint work except as related to the preparation of the
6   complaint. *Id.* (citing *Prowest Diversified, Inc. v. United States*, 40 Fed. Cl. 879, 886 (1998)). In
7   this case, Defendant notes that counsel billed approximately 1.3 attorney hours and 6 paralegal
8   hours for pre-complaint work, yet 5.9 of these hours were spent researching and drafting a
9   memorandum. *Id.* (citing Weems Decl., Ex. 1 at 1-2). However, neither the statute nor the case
10  cited by the Commissioner stand for the proposition that the EAJA outright disallows
11  compensation for work performed in preparation of a civil action. *Garcia*, 2013 WL 5347494, at
12  *4 (finding that work performed in preparation for a civil action after the administrative
13  proceedings, including reviewing the facts and law, preparing a letter to the plaintiff, and
14  reviewing the complaint, compensable under the EAJA); *McClintock v. Astrue*, 2011 WL
15  1043718, at *1 (S.D. Cal. Mar. 22, 2011) (while EAJA does not permit compensation for work
16  performed in administrative proceedings prior to the filing of a civil action, it does permit
17  compensation for work performed before a civil action is filed); *McClellan v. Astrue*, 2009 WL
18  426542, at *2 (E.D. Cal. Feb. 20, 2009) ("Insofar as the Commissioner argues that the 3 hours of
19  review should be disallowed because counsel spent almost 5.5 more hours to review the record in
20  drafting the brief, this argument is without merit. Counsel was certainly reasonable in reviewing
21  the record upon which the Complaint and action is based prior to accepting and filing this matter.
22  Therefore, the time will not be disallowed on this basis.").
23      Finally, Defendant argues "the record in this case was only 983 pages long with less than
24  300 pages of medical records. Hence, Counsel should not have required much additional time to
25  draft the statement of facts, especially considering Counsel's expertise." Opp'n at 5. However, it
26  should be noted that the Court imposed a distinct requirement that the parties prepare a statement
27  of the administrative record, joint or separate, "summarizing the relevant: (1) procedural history of
28  the case; (2) testimonial evidence from the hearing(s) before the Administrative Law Judge; and

(3) medical evidence of record." ECF No. 16.  When a joint statement is not agreed to, the burden of preparing a separate statement falls first to the plaintiff and requires identifying "each fact from the Administrative Record on which Plaintiff relies in support of the motion.  Each fact must be set forth in a separately numbered paragraph and cite to a specific portion of the Administrative Record where the fact finds support." *Id.*  Although Defendant argues this case had "only" 983 pages, the Court recognizes that this is a time-intensive effort and, having declined to share that burden (which accounts for the majority of the paralegal hours billed), the government cannot be heard to complain about the work it imposed on Plaintiff alone.  Further, the fact that Plaintiff's attorney "is experienced in social security law is not a basis to reduce his requested hours." *Valle v. Berryhill*, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) (citing *Bell v. Berryhill*, 2018 WL 452110, at *4 (N.D. Cal. Jan. 17, 2018) (holding that the fact that plaintiff's attorneys are experienced in Social Security law does not suffice to warrant a reduction in the claimed hours); *Arik v. Astrue*, 2011 WL 1576711, at *6 (N.D. Cal. Apr. 26, 2011), *report and recommendation adopted*, 2011 WL 2470907 (N.D. Cal. Jun. 22, 2011) (holding counsel's expertise does not necessarily justify a reduction in hours).

In sum, the Court finds Defendant has not shown any specific instances in which the requested fees are unreasonable.  At the same time, the Court notes that the hours claimed in this case are on the high end for a Social Security case, especially one in which the parties stipulated to remand after Plaintiff filed her motion for summary judgment, without the need for counsel to review and respond to a cross-motion.  *See, e.g., Dean v. Astrue*, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf); *see also Valle*, 2018 WL 1449414, at *2 (finding approximately 83 hours reasonable in a case where plaintiff's counsel spent around 53 hours reviewing the administrative record, researching the legal issues, and drafting the motion for summary judgment, and an additional 30 hours responding to defendant's cross-motion); *Henderson v. Colvin*, 2016 WL 4364440, at *3 (N.D. Cal. Aug. 16, 2016) ("The 61.75 hours billed in connection with the motion for summary judgment, however, is higher than the typical attorneys' fee award in social security cases").  Given that the parties filed a stipulation for remand

and Plaintiff did not have to review and respond to a cross-motion, the Court finds Plaintiff has failed to establish why so many hours were expended. In such cases, the Court can impose a reduction of up to 10 percent—a "haircut"—based purely on the exercise of its discretion and without more specific explanation. *Costa*, 690 F.3d at 1136; *Henderson*, 2016 WL 4364440, at *3 (finding plaintiff failed to address why 61.75 hours were billed in connection with motion for summary judgment and reducing fee award by 10%). The Court does so here.

Plaintiff seeks an additional $1,709.92 (8 hours at $213.74/hr.) for time Mr. Weems spent preparing the reply brief. However, 3.2 of those hours are for timed billed nearly one month before Defendant filed her opposition (Weems Reply Decl., Ex. 1, ECF No. 39-2), and that time is therefore unreasonable. The Court finds the remaining 4.8 hours reasonable.

### 3. Summary

The Court concludes that Plaintiff's fees request is reasonable, with a ten percent reduction. However, as noted above, counsel's invoice reflects work performed between April 2, 2020 and August 12, 2021, yet Plaintiff seeks a rate of $213.74 for Mr. Weems for all work performed, regardless of the year. Accordingly, the Court adjusts Plaintiff's request to reflect a rate $207.78 for 2020 and $213.74 for 2021 as follows:

| Year | Hours | Rate | Total |
|---|---|---|---|
| 2020 | 1.4 | $207.78 | $290.89 |
| 2021 | 57.8 | $213.74 | $12,354.17 |
| | | Subtotal | $12,645.06 |
| | | Minus 10% reduction | $11,380.55 |
| | | Reply (4.8 hrs @ $213.74) | $1,025.95 |
| | | **Total** | **$12,406.50** |

### D. Fees

Plaintiff also requests, and Defendant does not oppose, $42.11 for Westlaw research fees. Weems Decl., Ex. 1. Plaintiff is entitled to reimbursement of this fee. *See Nielsen v. Colvin*, 2015 WL 2174222, at *6 (N.D. Cal. May 8, 2015) (finding fees for Westlaw research "reasonable and

recoverable" under the EAJA); *Johnson v. Astrue*, 2008 WL 3984599, at *3 (N.D. Cal. Aug.27, 2008) (awarding expenses for electronic legal research, noting that "EAJA authorizes the award of not only reasonable attorney's fees but also reasonable expenses").

### E.     The Fee Award Should be Paid to Counsel

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id.* at 595 (citing 42 U.S.C. § 406(b)(1)(A)). In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government. *See Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (collecting cases). As Plaintiff assigned her EAJA fees to Mr. Weems (*see* Weems Decl., Ex. 2, ECF No. 35-3), the award shall be paid directly to Mr. Weems, subject to any debt offset.

## IV.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for an award of $12,406.50 in attorney's fees and $42.11 in expenses, for a total of $12,448.61. Pursuant to Plaintiff's request, the award shall be paid directly to her attorney.

**IT IS SO ORDERED.**

Dated: December 21, 2021

THOMAS S. HIXSON
United States Magistrate Judge